Sydney Wosbelly LOPEZ–GONZALEZ,
Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 10–73658.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 19, 2012.*

Filed Dec. 21, 2012.

Sydney Wosbelly Lopez–Gonzalez,
North Hollywood, CA, pro se.

OIL, Linda Y. Cheng, Trial, DOJ–U.S.
Department Of Justice, Washington, DC,
Chief Counsel ICE Office Of The Chief
Counsel Department Of Homeland Securi-
ty, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE, and
FISHER, Circuit Judges.

MEMORANDUM **

Sydney Wosbelly Lopez–Gonzalez, a na-
tive and citizen of Guatemala, petitions pro
se for review of the Board of Immigration
Appeals' ("BIA") order dismissing his ap-
peal from an immigration judge's decision
denying his applications for asylum, with-
holding of removal, and relief under the
Convention Against Torture ("CAT"). We
have jurisdiction under 8 U.S.C. § 1252.

We review for substantial evidence factual
findings and review de novo questions of
law. *Wakkary v. Holder,* 558 F.3d 1049,
1056 (9th Cir.2009). We deny the petition
for review.

Substantial evidence supports the BIA's
finding that Lopez–Gonzalez failed to es-
tablish that the one death threat he suf-
fered rose to the level of past persecution.
*See Lim v. INS,* 224 F.3d 929, 936–37 (9th
Cir.2000) (unfulfilled threats, without
more, generally do not constitute past per-
secution). Thus, contrary to Lop ez-Gon-
zalez's contention, he is not entitled to a
presumption of future fear. *See Nagoulko
v. INS,* 333 F.3d 1012, 1018 (9th Cir.2003).
Further, substantial evidence supports the
BIA's finding that Lopez–Gonzalez does
not have a well-founded fear of persecution
because he failed to demonstrate that he
could not relocate within Guatemala to
avoid harm. *See Gonzalez–Medina v.
Holder,* 641 F.3d 333, 339 (9th Cir.2011) (in
the absence of past persecution, the bur-
den is on the petitioner to show that relo-
cation would be unreasonable). Accord-
ingly, Lopez–Gonzalez's asylum claim fails.

Because Lopez–Gonzalez failed to estab-
lish eligibility for asylum, he necessarily
failed to meet the more stringent standard
for withholding of removal. *See Zehatye
v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.
2006).

Substantial evidence also supports the
BIA's determination that Lopez–Gonzalez
was not eligible for CAT relief because he
did not establish a likelihood of torture if
he returns to Guatemala. *See Wakkary,*
558 F.3d at 1068.

We deny Lopez–Gonzalez's request for
humanitarian and/or equitable relief. *See
Najmabadi v. Holder,* 597 F.3d 983, 986

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

(9th Cir.2010) (this court's review is limited to grounds relied upon by the BIA). We also deny his request for remand to the Executive Office of Immigration Review so that it may consider whether to exercise prosecutorial discretion. We express no opinion as to Lopez–Gonzalez's entitlement to such relief.

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.